Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50183.**—Protests 52101–K, etc., of A. Kuehnert & Co. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50184.**—Protests 54013–K, etc., of Brown & Kruger, Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50185.**—Protests 54359–K, etc., of Old Bleach Linens, Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon

on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50186.**—Protest 111860–K of Charles M. Siebenberg (New York).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

BEFORE THE FIRST DIVISION, MAY 17, 1945

**No. 50187.**—Protests 963323–G, etc., of Brier Mfg. Co. et al. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the beads in question are similar in all material respects to those the subject of *Eitinger Bead Co.* v. *United States* (13 Cust. Ct. 50, C. D. 867), certain of the items were held dutiable at 35 percent under paragraph 1503, and others at 20 percent under the same paragraph as modified by T. D. 49458.

**No. 50188.**—Protest 58499–K of Louis Wolf & Co., Inc. (New York).

Opinion by OLIVER, P. J. At the trial a Government chemist testified on behalf of the plaintiff that he had analyzed a sample of the merchandise and found that it consisted entirely of synthetic phenolic resin. Since it is well established that articles composed entirely of synthetic phenolic resin are neither dutiable directly nor by similitude under paragraph 33, the merchandise was held dutiable at 20 percent under paragraph 1558 as claimed. (Abstracts 49907, 49595, and 45795 cited.)

**No. 50189.**—Protests 69283–K, etc., of Fan Co. et al. (New York).

Opinion by OLIVER, P. J. At the trial a Government chemist testified on behalf of the plaintiffs that he had analyzed samples of the merchandise and found that they consisted entirely of synthetic phenolic resin. The record in Abstract 49907 was admitted in evidence and made a part of the record herein. On the record presented and following the authority cited the merchandise in question was held dutiable at 20 percent under paragraph 1558 as claimed.

**No. 50190.**—Protests 71884–K, etc., of China Importing Co. et al. (New York).